UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timberland Transportation, Inc., a Minnesota corporation, | Civil File No. _____ |
| Plaintiff, | |
| v. | |
| FedEx Corporation, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Timberland Transportation, Inc. for its Complaint against Defendant FedEx Corporation states and alleges as follows:

### THE PARTIES

1. Plaintiff Timberland Transportation, Inc., d/b/a Priority Courier, Priority Courier Experts, and Priority Courier Experts Worldwide (hereinafter "Priority") is a Minnesota corporation with its principle place of business located at 3545 Hoffman Road East, Vadnais Heights, Minnesota 55110. Priority provides same-day logistics services for Minneapolis, St. Paul, and throughout Minnesota and the upper Midwest.

2. Defendant FedEx Corporation ("FedEx") is a Delaware corporation with its corporate headquarters located at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx also offers logistics services throughout the United States.

3. Priority brings this lawsuit because of FedEx's unlawful use of Priority's trademarks.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement, deceptive trade practices, and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq.*; the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.44-45, and the common law.

5. The Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Priority's Minnesota state law claims because those claims are related to the claims within the Court's original jurisdiction and form part of the same case or controversy.

6. The Court has personal jurisdiction over FedEx based on its conduct and business activities in the State of Minnesota.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8. Priority has consistently offered and sold logistics services under the PRIORITY COURIER trademark for almost twenty years.

9. Priority owns U.S. Trademark Registration No. 2,994,849 for the trademark below for use with "courier services" in International Class 039 (the "Registration").  The Registration is incontestable under 15 U.S.C. § 1065.



10. Priority also owns U.S. Trademark Application Serial No. 85/926,588 for the trademark PRIORITY COURIER EXPERTS for use with "courier services; storage, transportation and delivery of goods" in International Class 039.

11. Priority has expended substantial effort and expense advertising and promoting its services in connection with its PRIORITY COURIER trademarks.

12. As a result of Priority's efforts, the purchasing public in the upper Midwest and throughout the United States has come to know, rely upon, and recognize the services sold by Priority in connection with the PRIORITY COURIER trademarks.

13. As a result of Priority's use, advertising and promotional efforts, and significant expenditures, Priority has acquired valuable common law rights in its PRIORITY COURIER trademarks, which are inherently distinctive and/or have become distinctive through extensive use in commerce.

## DEFENDANT'S INFRINGING CONDUCT

14. Priority recently learned that FedEx is using the PRIORITY COURIER trademark in connection with its same-day courier services. The image on the following page shows FedEx's use of the PRIORITY COURIER trademark on its website at https://www.fedexsameday.com/docs/SameDay_RatesPriority.pdf.



15.     FedEx's use of the PRIORITY COURIER trademark is without consent, permission, or license from Priority.

16.     FedEx's unauthorized use of the PRIORITY COURIER trademark with courier services is likely to create confusion as to the source, sponsorship, affiliation, and/or endorsement of the services sold by FedEx and the services sold by Priority.

17.     Priority has been damaged by FedEx's actions in an amount to be proven at trial.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

18.     Priority restates and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

19.     Fed Ex's unauthorized use of the PRIORITY COURIER trademark is likely to cause confusion as to the affiliation, connection, or association between FedEx and Priority.

20.     FedEx's use of the PRIORITY COURIER trademark infringes Priority's trademark rights under the Lanham Act.

21.     On information and belief, FedEx acted deliberately and willfully in attempt to trade upon the goodwill associated with Priority's PRIORITY COURIER trademarks.

22.     FedEx's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Priority's business, reputation, and good will.

23.     Priority has suffered damages as a result of FedEx's infringement in an amount to be proven at trial.

## COUNT II
## VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES ACT

24.     Priority restates and realleges each of the allegations set forth in preceding paragraphs as if fully set forth herein.

25.     FedEx's acts as stated herein constitute deceptive trade practices, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

26.     On information and belief, FedEx has willfully engaged in the above-described trade practices knowing them to be deceptive.

27. FedEx's wrongful and deceptive activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Priority's business, reputation and good will.

28. As a result of FedEx's wrongful conduct, Priority is entitled to an injunction and an award of attorney's fees under Minn. Stat. § 325D.45.

## COUNT III
## UNFAIR COMPETITION

29. Priority restates and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

30. FedEx's acts as stated herein constitute unfair competition.

31. FedEx's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Priority's business, reputation, and good will.

32. Priority has suffered damages as a result of FedEx's unfair competition in an amount to be proven at trial.

## JURY DEMAND

33. Priority demands a jury trial for all issues triable to a jury.

**WHEREFORE**, Priority asks the Court to:

1. Enter judgment against FedEx in favor of Priority, in an amount to be determined at trial;

2. Preliminarily and permanently enjoin FedEx from using the PRIORITY COURIER trademarks or any other trademarks that are confusingly similar to Priority's PRIORITY COURIER trademarks;

3. Award Priority the costs and attorneys' fees incurred in this action; and

4. Grant such other and further relief as may be just and equitable.

Dated: June 17, 2014         /s/ Laura L. Myers
                             Laura L. Myers (#387116)
                             lmyers@fredlaw.com
                             **FREDRIKSON & BYRON, P.A.**
                             200 South Sixth Street, Suite 4000
                             Minneapolis, MN  55402-1425
                             Phone: (612) 492-7000
                             Fax: (612) 492-7077

                             **ATTORNEYS FOR PLAINTIFF
                             TIMBERLAND TRANSPORTATION, INC.**

49949190_1.DOCX